# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| NORMAN BROWN, | ) |
| Petitioner, | ) |
| v. | ) No. 4:16CV1152 RWS |
| MICHAEL BOWERSOX, | ) |
| Respondent. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on petitioner's application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that the petitioner is not entitled to relief. The petition is successive and shall be summarily dismissed.

## Background

A state-court jury convicted petitioner of first-degree murder, first-degree assault, two counts of first-degree robbery, and two counts of armed criminal action. Petitioner was sentenced by St. Louis County Circuit Court, in 1993, to consecutive terms of life imprisonment without parole for the murder conviction, life imprisonment for the assault conviction, thirty years' imprisonment for each of the robbery convictions, and fifteen years for each of the armed criminal action convictions. His convictions and sentences were affirmed on appeal.

Petitioner sought state and federal habeas relief after the conviction. See *Brown v. Bowersox*, No. 4:97CV835 TCM (E.D.Mo. 2000). The denial of petitioner's federal habeas

1

petition was affirmed by the United States Court of Appeals for the Eighth Circuit on January 22, 2001. *Brown v. Bowersox*, No. 00-3701 (8th Cir. 2001).

Petitioner filed a petition for permission to file a successive habeas petition in the Eighth Circuit Court of Appeals on July 14, 2016. *See Norman v. Bowersox*, No. 16-3121 (8th Cir. 2016). The matter is still pending in the Eighth Circuit. Despite filing his application to file a successive petition in the Court of Appeals, petitioner filed the instant petition in this Court also on July 14, 2016.

**Discussion**

In his petition before the Court, petitioner seeks relief under the Supreme Court cases of *Miller v. Alabama*, 132 S.Ct. 2455 (2012) and *Montgomery v. Louisiana*, 136 S.Ct. 718 (2016). On June 25, 2012, the United States Supreme Court issued its opinion in *Miller*, holding that the Eighth Amendment prohibits mandatory sentences of life without parole for juvenile offenders. On January 27, 2016, in *Montgomery*, the Supreme Court held that the *Miller* rule must be applied retroactively.

Based on *Miller*, petitioner filed an application for writ of habeas corpus in state court in January 2013. On March 15, 2016, the Missouri Supreme Court addressed the merits of his *Miller* claim and granted him relief, making him parole eligible on his life sentence for murder after he has served 25 years. Despite being granted relief on his claims, petitioner filed a motion for rehearing on March 29, 2016, as well as a supplement to his motion for rehearing on May 20, 2016. On July 19, 2016, just four days after petitioner filed his application for writ of habeas corpus in this Court, the Missouri Supreme Court vacated its March 15, 2016 order granting petitioner relief. The July 19th Order stated: "On the Court's own motion, the Court's March 15, 2016, Order is

2

Vacated. The motion for rehearing is overruled as moot. The petition is denied. See Senate Bill No. 590, 98th General Assembly. All other pending motions are overruled as moot. Order and mandate attached to this docket entry."

Missouri Senate Bill No. 590 authorizes persons sentenced to a term of life imprisonment without eligibility for parole before August 28, 2016, who were under 18 years of age at the time of the commission of their offenses, to submit to the parole board a petition for review of their sentences after serving 25 years of incarceration. The Bill was signed by the Governor and certain portions of the Bill immediately became law. Thus, it appears that petitioner's application for writ of habeas corpus may have become moot.

Nonetheless, this Court does not have the power to make such a determination, because it does not have jurisdiction over petitioner's application for relief. To the extent that petitioner seeks to relitigate claims that he brought in his original habeas corpus petition, those claims must be denied pursuant to 28 U.S.C. § 2244(b)(1).

To the extent that petitioner seeks to bring new claims for habeas relief, petitioner must obtain leave from the United States Court of Appeals for the Eighth Circuit before he can bring those claims in this Court. 28 U.S.C. § 2244(b)(3)(A).

Petitioner has not been granted leave to file a successive habeas petition in this Court. As a result, the petition shall be dismissed.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's application for writ of habeas corpus is **DENIED and DISMISSED**.

**IT IS FURTHER ORDERED** that petitioner's motion for stay [Doc. #3] is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

Dated this 8th day of August, 2016.

                                                     _____
                                                     RODNEY W. SIPPEL
                                                     UNITED STATES DISTRICT JUDGE